UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>DIEGO LYTHELL ANDERSON,<br><br>　　　　　Defendant. | Case No:  CR 11-00938 SBA (KAW)<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING SUPERVISED RELEASE_** |

　　　　Pursuant to the designation issued by the District Court under 18 U.S.C. § 3401(i), the Court conducted a supervised release violation hearing in this matter on September 23, 2015.  For the reasons that follow, the Court recommends that the District Court:  revoke Defendant Diego Lythell Anderson's supervised release; sentence him to the custody of the Bureau of Prisons for a period of 2 months (with credit for time served); impose a new term of supervised release for a period of 34 months; and adopt all previously-imposed conditions of release.

　　　　The Court makes the following findings and recommendations:

　　　　1.　　On the hearing date set forth above, the defendant, with the assistance of counsel, was advised that:  (a) he has the right to have a district judge conduct a hearing to modify, revoke, or terminate his supervised release; (b) he may expressly waive that right and consent to have such hearing conducted by a magistrate judge; (c) if he consents to have a magistrate judge conduct the

1  supervised release revocation hearing, the designated magistrate judge will submit proposed,
2  written findings of fact and recommendations to the district judge regarding the modification,
3  revocation, or termination, including, in the case of revocation, a recommended disposition under
4  18 U.S.C. § 3583(e); (d) the magistrate judge's findings and recommendations will be reviewed by
5  the district judge; and (e) the district judge, not the magistrate judge, will make the final decision
6  regarding whether to terminate, modify or revoke his supervision.  Based on the defendant's
7  acknowledgment of the foregoing, the Court finds that the defendant intelligently, voluntarily and
8  expressly consented to have a magistrate judge conduct his supervised release revocation hearing.
9         2.     The Court questioned the defendant to ensure that he has had a full and fair
10 opportunity to discuss with his attorney the charges pending against him in this supervised release
11 revocation hearing.
12        3.     The parties stipulated in open court that Charges 1 and 2 would be dismissed and
13 that the defendant would admit the allegations in Charge 3. The Court read the charges pending
14 against the defendant, as set forth in Charge 3 of the Amended Summons for Offender Under
15 Supervision.  The defendant acknowledged that he understands the charges alleged against him.
16        4.     The defendant further acknowledged his awareness of the following rights:
17 (a) written notice of the alleged violations; (b) disclosure of the evidence against him; (c) an
18 opportunity to appear and present evidence on his behalf; (d) the opportunity to question adverse
19 witnesses; (e) notice of his right to be represented by counsel; and (f) the right to appeal.
20        5.     With the foregoing rights in mind, the defendant admitted the allegations in Charge
21 3 of the Petition for Arrest Warrant for Offender Under Supervision.
22        6.     The parties stipulated in open court that for purposes of these proceedings that the
23 facts set forth in the Petition for Arrest Warrant for Offender Under Supervision provide a
24 sufficient factual predicate for the defendant's admissions.
25        7.     Based upon the defendant's admission and the parties' stipulation, the Court finds
26 that the Government has shown by a preponderance of the evidence that the defendant violated the
27 conditions of his supervised release, as alleged in Charge 3 of the Petition for Arrest Warrant for
28 Offender Under Supervision.

8. Following the defendant's admission of the charge alleged against him, the Court conducted the disposition phase of the proceeding.

9. The parties confirmed that there are no factual disputes with Probation's memorandum.

10. Based upon the undisputed facts in the memorandum, the parties stipulated for purposes of this proceeding as to the accuracy of Probation's conclusions with respect to: (a) the Grade of the violation, which is C; (b) the Criminal History Category, which is II; and (c) and the resulting Guideline Range, which is 4 -10 months. Based on the parties' stipulation, the Court finds that the Grade of the violation, Criminal History Category and resulting Guideline Range are as stated.

11. On the record, the parties acknowledged that they are in agreement with Probation's recommendation that the defendant's supervised release be revoked, that the defendant be sentenced to the custody of the Bureau of Prisons for a period of 2 months (with credit for time served), and upon release from custody, he is to be placed on supervised release for a period of 34 months, with all previously imposed conditions incorporated by reference except for the recommendation that the defendant reside in a residential reentry center for a period of two months.

12. Based on the findings set forth above, the Court recommends that the defendant's supervised release be revoked, that the defendant be sentenced to the custody of the Bureau of Prisons for a period of 2 months (with credit for time served), and upon release from custody, he is to be placed on supervised release for a period of 34 months, with all previously imposed conditions incorporated by reference, except the defendant will not be required to reside in a residential reentry center for two months. Based on the stipulation of the parties that the defendant's time served ended on September 23, 2015, the court agreed that the defendant should be released from custody and signed the order for his release.

13. The Court advised the parties that within 14 days after being served with a copy of this order, they have the right the right to file specific written objections to the Court's findings and recommendations. See 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59. Failure to file objections

1 | within the specified time may waive a party's right to review.  <u>See</u> Fed. R. Crim. P. 59(b).  Upon
2 | being so advised, both parties expressly waived their right to file objections.
3 |     IT IS SO ORDERED.
4 | Dated: September 25, 2015

                                                             *Kandis Westmore*
                                         KANDIS A. WESTMORE
                                         United States Magistrate Judge